**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **I.D.: 2406006890** |
| v. | ) | |
| | ) | |
| ROBERT CHAVIS, | ) | |
| | ) | |
| **Defendants.** | | |

## ORDER

This 20ᵗʰ day of March, 2025, upon consideration of Robert Chavis's ("Defendant" or "Chavis") Motion for Modification of Sentence; Motion for Post Conviction Relief ("Rule 61 Motion") and the Record, including trial counsel's Affidavit; and Motion for Appointment of Counsel, it appears to the Court that:

1. On August 13, 2024, a grand jury indicted Chavis on three counts of Possession of Firearm by a Person Prohibited, three counts of Illegal Possession of a Controlled Substance, and one count of Possession of Ammunition by a Person Prohibited.

2. On November 18, 2024, Chavis pled guilty to two counts of Possession of a Firearm by a Person Prohibited. The sentence for each count was 15 years at

Level V suspended after the required minimum mandatory term of 5 years at Level V for each charge to be followed by decreasing levels of probation.

3. Chavis filed the instant Rule 61 Motion on January 23, 2025, along with a request that counsel be appointed and a letter further supporting his Motions. While the Motion is captioned as a Rule 61 motion the first ground for relief is a request to modify the sentence for reasons including the sentence did not consider his limited lack of criminal background, the prosecutor was biased against the defendant, and his family requires his participation and support. As for the grounds relating to his Rule 61 request, Defendant alleges that: (1) there was an illegal search and seizure; (2) ineffective assistance of counsel in that counsel never revealed to him State's discovery; and (3) the prosecutor defaced Defendant's character by labelling him a gang member and a drug dealer when there was no evidence of such.

4. I first turn to Defendant's arguments regarding sentence modification. Defendant previously moved this Court to modify his sentence for the same reasons outlined in the instant petition.[1] In denying the prior Motion to Modify, this Court ruled that Defendant's sentence was for the minimum mandatory term of incarceration for which this Court has no authority to modify.[2] Whether the Defendant seeks relief under Rule 35 or Rule 61 the

---

[1] Docket Item ("D.I.") 14.
[2] D.I. 15.

result is the same. This Court has no authority to suspend or modify a minimum mandatory sentence, and relief on this basis is DENIED. Moreover, the Request to Modify is procedurally barred as repetitive.

5. Rule 61(i) imposes several procedural bars that must be analyzed before addressing the merits of a motion for postconviction relief.[3] The instant Motion is Defendant's first postconviction relief motion and was timely filed. Defendant's ineffective assistance of counsel claim was not formally adjudicated, and the claim is not subject to the procedural default bar under 61(i)(3).[4] Therefore, this Motion is not procedurally barred.

6. To protect a defendant from making a potentially irreversible error, a trial judge must ensure several circumstances are present during the guilty plea colloquy before accepting the defendant's guilty plea.[5] The defendant's statements during the colloquy are "presumed to be truthful," and create "a formidable barrier in any subsequent collateral proceedings."[6] A defendant is "bound by the representations [defendant] made at the time the plea was entered."[7] By knowingly, intelligently, and voluntarily entering a guilty plea

---

[3] *See* Super. Ct. Crim. R. 61(i)(1)-(4).
[4] *Green v. State*, 238 A.3d 160, 175 (Del. 2000) ("Ineffective assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent.")
[5] *Sommerville v. State*, 703 A.2d 629, 631-32 (Del. 1997) (trial judge must ensure (1) defendant understands nature of the charges and penalties and their waiver of trial and other constitutional rights, (2) the record reflects defendant's understanding, and (3) defendant was not forced, threatened, or promised anything in exchange for agreeing to the plea agreement.)
[6] *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).
[7] *Miller v. State*, 840 A.2d 1229, 1231 (Del. 2003).

agreement, the defendant waives their constitutional right to challenge "alleged errors or defects preceding the entry of the plea."[8]

7. There is no indication in the record that Defendant did not receive all required protections during his guilty plea colloquy given November 18, 2024.[9] Further, Defendant's Truth-In-Sentencing Guilty Plea Form, signed by Defendant, verifies that he knowingly, intelligently, and voluntarily entered his guilty plea.[10] By doing so, Defendant waived his right to challenge counsel's alleged deficiencies and is barred from bringing his claim alleging counsel failed to file a motion to suppress his seized firearm.[11]

8. Defendant's argument that the prosecutor defaced his character "over and over again attempting to label me as a gang member and drug dealer" also affords Defendant no opportunity for relief.[12] The only possible way that statements of these kind could have any impact in a Rule 61 proceeding is if they effected the sentencing judge's decision. During the instant plea and sentencing proceeding, no such comments were made by the prosecutor to this judge who took the plea and imposed the immediate minimum mandatory sentence. Not only was the Court unaware of any such allegations so that it

---

[8] *Id.* at 1232 (citing *Downer v. State*, 543 A.2d 309 (Del. 1988)).
[9] D.I. 12, Plea Agreement and Truth-In-Sentencing Guilty Plea Form.
[10] D.I. 12, Truth-In-Sentencing Guilty Plea Form.
[11] *See Miller*, 840 A.2d at 1232 (holding defendant's guilty plea waived his right to bring an ineffective assistance of counsel claim based on actions that occurred before the plea was entered and that would not have changed defendant's decision to enter the plea.)
[12] D.I. 17.

had no impact on the ultimate sentence, but the sentence imposed was limited to the minimum mandatory sentence which means that had the statements been made they had no impact on the final result. On this record, Defendant fails to satisfy the second prong of the Strickland standard.

9. I now turn to Defendant's allegation that counsel did not provide him with the Rule 16 discovery material. As an initial matter, I find based on trial counsel's affidavit that trial counsel did disclose to Defendant the contents of the Rule 16 material. Even if the contents of the Rule 16 material had not been disclosed to Defendant, I find that there was no prejudice to Defendant. Defendant was well aware that when he was apprehended, he was in possession of three firearms and drugs and that he was a person prohibited from being in possession of a firearm. On this record, Defendant cannot establish how he was prejudiced by a failure to see the Rule 16 material. Moreover, having access to the Rule 16 material would not have led to Defendant's innocence. Defendant was apprehended with three firearms and drugs. Trial counsel was able to strike a deal that the state nolle prosed the drug charges and the third firearm charge, sparing Defendant at a minimum 5 additional years at Level V. Defendant having pled guilty cannot be heard to claim that he received ineffective assistance.

For the stated reasons, Defendant's Motion to Modify his Sentencing Order is DENIED as his Motion for Postconviction Relief and his request for the appointment of counsel.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc: *Original to the Prothonotary*
Thomas J. Williams, Deputy Attorney General
Robert Chavis, SBI No. 00925035